UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL 27 ANNUITY, HEALTH & WELFARE, VACATION, EDUCATION AND UNEMPLOYMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SOMMERS HEATING & COOLING, LLC,: <br><br> Defendant. | Civil Action No. 14-6091 (FLW) <br><br> **JUDGEMENT AND ORDER** |

  **THIS MATTER** having been opened to the Court by Mark E. Poist, Esq., counsel for Plaintiffs Sheet Metal Workers International Association Local 27 Annuity, Health & Welfare, Vacation, Education and Unemployment Funds, Andrew Caccholi, Debbit Schmidt and Jerry Hogan, Sr. (collectively, "Plaintiffs"), on a Motion for Default Judgment; it appearing that in support of their motion, Plaintiffs have submitted certifications and exhibits; it further appearing that defendant Sommers Heating and Cooling, Inc. ("Defendant" or "Sommers"), having been duly served, has not opposed the Motion; having considered Plaintiffs' submissions the Court makes the following findings:

1. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d

Cir.1990). However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1180 (3d Cir.1984).

2. On October 1, 2014, Plaintiffs brought this action against Defendant for failing to pay certain union contributions in the amount of $23,349.00, for the period of August 16, 2013 through January 15, 2014.

3. The Summons and Complaint have been properly served on Defendant; however, Defendant has failed to plead or otherwise defend in this action. Consequently, on December 8, 2014, Plaintiffs filed a Request for Default pursuant to Fed. R. Civ. P. 55(b)(1). On the same day, the Clerk's Office entered an Entry of Default as to Sommers. Plaintiffs then filed the instant Motion for Default Judgment.

4. As damages, Plaintiffs are seeking to recover $26,615.39 from Sommers. Pursuant to the terms of the Collection Bargaining Agreement ("CBA"), the following is a breakdown of the amount due and owing to Plaintiffs:

| | |
|---|---:|
| Total Contributions owed | $23,349.00 |
| Interest on delinquent contributions | $620.51 |
| Liquated Damages under the Agreement | $2,645.88 |
| Total | **$26,615.39** |

5. Pursuant to 29 U.S.C. § 1132(g)(2), § 502(g) of the Employee Retirement Income Security Act of 1974, Plaintiffs request the Court to award them $1,330.20 in attorney's fees and costs. In support of their fee request, Plaintiffs' counsel submits a certification, including a detailed sheet delineating attorneys' time entries and costs. The Court has reviewed these entries and finds the hours spent and the costs are reasonable.

6. In sum, based on the foregoing, there are sufficient facts to find that Sommers breached the terms of the CBA and that the amount requested by Plaintiffs is a sum certain, supported

by the record.  Finally, the attorney's fees and costs are reasonable, and therefore, they are compensable.

Accordingly, the Court having reviewed the submissions in connection with the Motion pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein, and for good cause shown,

**IT IS** on this 18th day of February, 2015,

**ORDERED** and **ADJUDGED** that Plaintiffs' Motion for Default Judgment is **GRANTED**;

**ORDERED** and **ADJUDGED** that Defendant shall pay Plaintiffs in the amount of $26,615.39; and it is further

**ORDERED** that this case shall be mark as **CLOSED**.


/s/        Freda L. Wolfson
Freda L. Wolfson
United States District Judge